UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ILYA LIVIZ, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 18-cv-12532 |
| SUPREME COURT OF THE UNITED | * |
| STATES OF AMERICA, et al. | * |
| | * |
| Defendant. | * |
| | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons stated below, the Court allows plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2], denies plaintiff's motion for injunctive relief [ECF No. 4], dismisses the complaint [ECF No. 1], and certifies that any appeal would not be taken in good faith.

**I.     BACKGROUND**

On December 10, 2018, Plaintiff Ilya Liviz ("Liviz"), filed a complaint naming as defendants the United States Supreme Court and it's nine justices [ECF No. 1]. With the complaint, Liviz filed an Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2]. Four days later, on December 14, 2018, Liviz filed a motion for injunctive relief [ECF No. 4].

The Court's records indicate that Liviz is a frequent litigant in this Court, where he has appeared both as an attorney[1] and as a pro se litigant.[2]

Through this action, Liviz challenges the Supreme Court's practice of not allowing cameras in the courtrooms of the United States Supreme Court as well as the state and federal courts in Massachusetts. In the section of the Complaint titled "AUTHORITY FOR DECLARATORY & INJUNCTIVE RELIE AUTHORTY" plaintiff alleges:

> 19. Matters concerning installation of video recording within the courts concerns non-judicial administrative function. If, *arguendo*, defendants try to claim inapposite, Plaintiff can maintain action still; "… any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Compl. ¶19 (citing 42 U.S.C. § 1983).

Liviz contends that that the availability of video would have been helpful in his litigation because "[t]hings on video become more obvious because there is a presence of more 'facts.'" *Id.* ¶ 29. In his emergency motion, Liviz seeks an evidentiary hearing and contends that the Supreme Court should comply with the Sunshine Act, 5 U.S.C. § 552b, and the First Amendment.

---

[1] See, e.g., Maslyakova v. Supreme Judicial Court, 18-12059-IT; Anderson v. Supreme Judicial Court, 18-11302-DJC; DeBarros v. Supreme Judicial Court, 18-11119-ADB; DeBarros v. Areas USA Boston, LLC, 18-10265-FDS; Amadi v. Department of Children and Families, 16-11901-NMG; J & J Sports Productions, Inc. v. Cela, 14-14143-DJC; and Kamvari v. Harvard University Health Services, 13-12029-DPW.

[2] See e.g. Liviz v. President and Fellows of Harvard College, 18-12087-IT (pending); Liviz v. Supreme Judicial Court, 17-12345-DJC (closed Apr. 6, 2018); Liviz v. Baker, 17-10130-DJC (closed Mar. 13, 2017); and Liviz v. Howell, 08-11323-DPW (closed Mar. 10, 2019).

## II. DISCUSSION

### A. In Forma Pauperis

Upon review of Liviz' motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.

### B. Screening of the Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint fails to state a claim upon which relief may be granted. The matter of cameras in the courtrooms has been an issue of public debate for some time. Although Supreme Court hearings are recorded and sent to the National Archive, *see* Transcripts and Recordings of Oral Arguments (October 2010), Supreme Court of the United States, https://www.supremecourt.gov/oral_arguments/availabilityoforalargumenttranscripts.aspx (last visited Dec. 14, 2018), the Supreme Court does not allow cameras or recording devices into its courtroom. *See* Kyu Ho Youm, *Cameras in the Courtroom in the Twenty-First Century: The U.S. Supreme Court Learning from Abroad?* 2012 BYU L. Rev. 1989, 2030 (2012).

To the extent Liviz contends that there is a First Amendment[3] right of camera access to the Supreme Court and other federal courts, such a right has not been recognized. *See Chandler v. Florida*, 449 U.S. 560 (1981) (cameras in courtrooms do not pose an automatic Sixth Amendment violation, but neither is there a First Amendment right to record); *Westmoreland v. Columbia Broadcasting System, Inc.*, 752 F.2d 16, 23 (2nd Cir. 1984) (holding that there is a long leap "between a public right under the First Amendment to attend trials and a public right under the First Amendment to see a given trial televised. It is a leap not supported by history.").

To the extent Liviz contends that the Supreme Court is subject to the Sunshine Act, this congressional act does not apply to the judicial branch of government. The term "agency" under the Sunshine Act is defined in terms of the Freedom of Information Act, whose provisions apply only to federal agencies. *See* 5 U.S.C. §§ 551(1), 552(a); *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) (noting that by its own terms, the Freedom of Information Act, applies only to federal executive branch agencies).

Ordinarily a plaintiff would be provided an opportunity to amend the complaint to cure any pleading deficiencies, however here such amendment would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted").

### C. Plaintiff's Motion for Injunctive Relief

As an initial matter, preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendants. *See* Fed. R. Civ. P.

---

[3] U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

65(a)(1). The Court notes that there is no certification in writing of any effort Liviz has made to provide even at least informal notice to the defendants and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *Id.*

More importantly, based on the allegations in the complaint and the emergency motion, the Court finds that Liviz has not shown a reasonable likelihood of success on the merits as the complaint fails to state a claim upon which relief may be granted.

## III.    CONCLUSION

Based upon the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's motion for injunctive relief (ECF No. 4) is denied.

3. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

4. Pursuant to 28 U.S.C. § 1915(a)(3), I find, and hereby certify, that any appeal by Liviz of the matters contained in this Memorandum and Order would not be taken in good faith.

   **SO ORDERED.**

December 14, 2018                              /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE